O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL SUMMERS, | ) Case No. EDCV 10-1060 RNB |
| Plaintiff, | ) |
| vs. | ) ORDER AFFIRMING DECISION OF ) COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation.[1]

As the Administrative Law Judge ("ALJ") noted in his hearing decision, the State Agency review physicians concluded <u>inter alia</u> that plaintiff should "avoid

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the (Amended) Joint Stipulation ("Jt Stip") filed by the parties on March 29, 2011. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

concentrated exposure to extreme cold, heat, wetness, humidity, fumes, odors, dust[, and] gases, and should not work at heights or around dangerous, moving machinery." (See AR 16, citing AR 278; see also AR 284, 348-49.)[2]

The Commissioner's Regulations provide that, although ALJs "are not bound by any findings made by [nonexamining] State agency medical or psychological consultants, or other program physicians or psychologists," ALJs must still "consider [their] findings and other opinions ... as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled," because such specialists are regarded as "highly qualified ... experts in Social Security disability evaluation." See 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i). The Regulations further provide that "[u]nless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist." See 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2) (ii); see also Social

---

[2] The Court notes that the foregoing conclusion of State Agency review physicians comported with the opinion of Dr. To, an internal medicine consultative examiner, that plaintiff was restricted from "extremes of temperature, moisture, fumes or dust particles along with working with heavy and moving machineries," which the ALJ also cited in his hearing decision. (See AR 15-16, citing AR 273.) To the extent that the ALJ's failure to incorporate Dr. To's opinion about the restriction from exposure to fumes or dust particles into the ALJ's residual functional capacity ("RFC") assessment constituted an implicit rejection of that opinion, it was incumbent on the ALJ to provide "specific and legitimate" reasons, supported by substantial evidence in the record, for the rejection. See Regennitter v. Commissioner, 166 F.3d 1294, 1298-99 (9th Cir. 1999); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). However, since plaintiff has not raised as a disputed issue the ALJ's alleged failure to properly consider Dr. To's opinion(s), the Court declines to give any further consideration to that issue.

Security Ruling[3] ("SSR") 96-6p ("Findings ... made by State agency medical and psychological consultants ... regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources," and ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions."). Here, the ALJ stated that he was giving "great weight" to the opinions of the State Agency review physicians and cited the foregoing regulations, as well as SSR 96-8. (See AR 16.) However, he implicitly rejected the opinion of the State Agency review physicians regarding plaintiff's environmental limitations by failing to fully incorporate those limitations into his RFC assessment. Specifically, the ALJ failed to include any limitation of exposure to fumes, odors, dust, and gases. (See AR 13.) The ALJ's failure to provide any reason for rejecting that opinion of the State Agency review physicians constitutes error. See 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2); SSR 96-8p, at *7 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").[4]

As a result of this error by the ALJ, the Court is unable to affirm the ALJ's determination at Step four of the Commissioner's sequential evaluation process that plaintiff remained capable of performing his past relevant work. The Commissioner

---

[3]      Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

[4]      Although the Commissioner has postulated that the evidence of record that plaintiff had been working while using inhalers supported the ALJ's omission of the additional environmental limitations from his hypothetical comporting with his RFC assessment (see Jt Stip at 4-5), the Court is unable to consider that reason because it was not recited by the ALJ. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

contends that, even if the ALJ's failure to include the additional environmental limitations was "objectionable," the error nevertheless was harmless, given the testimony of the vocational expert ("VE") that there were other jobs existing in significant numbers in the regional and national economies that a hypothetical person with plaintiff's vocational profile and other exertional and non-exertional limitations, who also had all of the environmental limitations to which the State Agency review physicians had opined, remained capable of performing. (See Jt Stip at 5-6, citing AR 72-74.)

An ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th Cir. 2006); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability). In Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008), the Ninth Circuit held that the ALJ's erroneous Step four determination was harmless error in light of the ALJ's alternative finding at Step five of the Commissioner's sequential evaluation process that plaintiff could perform other work in the national and local economies that existed in significant numbers. See also Cadena v. Astrue, 365 Fed. Appx. 777, 780 (9th Cir. 2010) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (holding that ALJ's alternative ruling at Step five that the claimant could perform light, unskilled work that existed in significant numbers in the national economy rendered the ALJ's Step four error harmless). Tommasetti and Cadena arguably are distinguishable in that the ALJ here did not make an alternative finding of non-disability at Step five of the Commissioner's sequential evaluation process, but rather based his non-disability finding solely on his erroneous Step four determination. However, in Hadnot v. Astrue, 2008 WL 5048428 (N.D. Cal. Nov. 25, 2008), aff'd, 371 Fed. Appx. 875 (9th Cir. 2010), the district court concluded that the ALJ's erroneous step four

determination was harmless under circumstances that appear to be similar to those presented here. There, the plaintiff was contending that the ALJ had committed legal error in relying on the VE's response to the ALJ's first hypothetical to find her not disabled at step four, because the first hypothetical improperly excluded her glove limitation. Although the district court concurred with plaintiff that the first hypothetical was improper and that the ALJ had erred in relying on the VE's response to that hypothetical at step four, the district court concluded that the ALJ's erroneous determination at step four was harmless because the ALJ's second hypothetical to the VE had included all of the plaintiff's limitations and restrictions and the VE had testified that, although those limitations and restrictions precluded plaintiff's past relevant work, they did not preclude the performance of other jobs existing in significant numbers in the national and regional economies. Therefore, there was sufficient evidence that the plaintiff was not disabled at step five of the analysis. See Hadnot, 2008 WL 5048428, at *11-*12; see also Cowan v. Astrue, 2008 WL 2761684, *10 (N.D. Cal. July 14, 2008) (holding that, even if the ALJ erred in his step four determination, the error would be harmless since "[p]laintiff could not pass the fifth step of the disability determination because he is capable, according to the testimony of the VE, of performing many other kinds of work outside his past work experience that exist in significant numbers in the national economy").

      Based on the vocational expert's testimony cited by the Commissioner, the Court has no doubt that a remand for further proceedings here would be pointless. Accordingly, the Court finds that the ALJ's error in failing to fully incorporate the opinion of the State Agency review physicians regarding plaintiff's environmental limitations into his RFC assessment was harmless for the same reason the district court found the ALJ's error harmless in Cowan.

*******************

//
//

1    IT THEREFORE IS ORDERED that Judgment be entered affirming the
2 decision of the Commissioner and dismissing this action with prejudice.

4 DATED: March 30, 2011

/s/ Robert N. Block
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

6